PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICKI McKENNA, | ) | |
| | ) | CASE NO.  4:20CV0783 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ZO SKIN HEALTH, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 30] |

Pending is Defendant Triton Benefits & HR Solutions' ("Triton") Motion to Set Aside

Default Entered Against Triton (ECF No. 30) pursuant to Fed. R. Civ. P. 55(c), filed on August

11, 2020.  The Court has been advised, having reviewed the record, the parties' briefs, and the

applicable law.  For the reasons below, the motion is granted to allow for resolution on the

merits.

**I.**

On April 10, 2020, Plaintiff Vicki McKenna filed a Complaint (ECF No. 1) against ZO

Skin Health, Inc., Infinisource, Inc. dba Infinisource Benefit Services, Triton, and PuraCap

Pharmaceutical LLC.  Plaintiff's purported claims arise from her voluntary attempt to terminate

her COBRA continuing coverage based on the advice of Defendants ZO Skin Health Inc. and

Infinisource Inc.  The claims against all Defendants except Triton have been resolved.  *See* ECF

Nos. 26 and 36.  Until recently, Triton was only represented by counsel from Princeton, New

Jersey.

(4:20CV0783)

Triton was duly served with summons and the Complaint (ECF No. 1) by certified mail, *see* ECF No. 9; but, had failed to plead or otherwise defend.  Therefore, on June 25, 2020, the Clerk entered the default of Triton pursuant to Fed. R. Civ. P. 55(a).  *See* ECF No. 21.  On July 31, 2020, the Court entered a Default Judgment as to the Issue of Liability Alone and set an electronic default judgment hearing as to the amount of damages, attorney's fees, and costs.  *See* ECF No. 24.

Triton's Motion to Set Aside Default (ECF No. 30) is currently set for an electronic hearing on September 16, 2020.  *See* Order (ECF No. 32).  However, "[t]he Judicial Officer may [ ] rule on any opposed motion without hearing at any time after the time for filing a reply memorandum has elapsed."  LR 7.1(g).

**II.**

Triton's Motion to Set Aside Default (ECF No. 30) was filed only seven business days after the Court entered the Default Judgment as to the Issue of Liability Alone.

The Court of Appeals for the Sixth Circuit has established three factors relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c):  "(1) [w]hether culpable conduct of the defendant led to the default, (2)[w]hether the defendant has a meritorious defense, and (3)[w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); accord *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).  While courts consider these same three factors in evaluating whether to set aside a default judgment under Fed. R. Civ. P. 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions."

2

(4:20CV0783)

*Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986);

*Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to

be accorded them depends on whether the court is confronted by an entry of default or a default

judgment.").  Thus, although "[a]ll three factors must be considered in ruling on a motion to set

aside entry of default," when a defendant has a meritorious defense and the plaintiff would not be

prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the

absence of a willful failure of the moving party to appear and plead."  *Shepard*, 796 F.2d at 194.

Plaintiff claims that Triton engaged in culpable conduct by seeking to resolve the matter

through settlement discussions and serving a Fed. R. Civ. P. 11 motion.  ECF No. 34 at PageID

#: 136-37.  Triton's delay in responding to the Complaint (ECF No. 1) was the result of

attempting to resolve the matter[1] and its efforts to seek the retention of Ohio counsel, which it

has now done.  Moreover, Triton was required under Rule 11 to send a copy of its notice to

Plaintiff before seeking sanctions, which it did on July 8, 2020.  *See* Rule 11(c)(2); *Darnell v.*

*Arthur*, 782 Fed.Appx. 413, 417 (6th Cir. 2019) (discussing Rule 11's safe-harbor protections).

Plaintiff admits that her COBRA coverage was not actually terminated and that her

insurance claims were paid during the COBRA coverage period.  Plaintiff claims that although

her claims were paid, the insurance provider could potentially seek to recoup those amounts at

some future time because her premium was returned.  ECF No. 34 at PageID #: 135.  Triton has a

meritorious defense that Plaintiff has suffered no damages.  Triton argues any claims which

---

[1] *See* Affidavit of Shawn D. Edwards, Esq. (ECF No. 30 at PageID #: 109-10)
and attachments thereto; Attachments to ECF No. 34.

3

(4:20CV0783)

Plaintiff may have are not yet ripe.  ECF No. 37 at PageID #: 381-82.  "Ripeness is a

justiciability doctrine designed 'to prevent the courts, through premature adjudication, from

entangling themselves in abstract disagreements.' " *Kentucky Press Ass'n, Inc. v. Kentucky*, 454

F.3d 505, 509 (6th Cir.2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S.

568, 580 (1985)).

Finally, Plaintiff claims that she will be prejudiced because of her failing health due to

cancer.  ECF No. 34 at PageID #: 140.  Other than incurring additional attorneys' fees,[2] Plaintiff

is not prejudiced as her participation in the litigation, at this time, is not necessary for

adjudication of her claims against Triton.  It is undisputed that Plaintiff's COBRA coverage was

never terminated, and her claims made to the insurance provider were paid.  If Plaintiff were to

become unavailable, it arguably would not affect her ability to prosecute her claims.

**III.**

Accordingly, Triton's Motion to Set Aside Default (ECF No. 30) is granted.  The default

entered against Triton pursuant to Fed. R. Civ. P. 55(a) (ECF No. 21) and Default Judgment as to

the Issue of Liability Alone (ECF No. 24) are vacated and set aside.  The above-entitled action is

reinstated to the Court's active docket.

Triton is granted leave until September 21, 2020 to answer, plead or otherwise move in

response to the Complaint (ECF No. 1).

---

[2] Increased litigation costs to the plaintiff generally is not the kind of prejudice
that can support sustaining an entry of default.  *United States v. $22,050.00 U.S.
Currency*, 595 F.3d 318, 325 (6th Cir. 2010).

(4:20CV0783)


The electronic hearing set on September 16, 2020 regarding Triton's Motion to Set Aside

Default (ECF No. 30) and default judgment hearing is cancelled.  A separate Telephonic Case

Management Conference Scheduling Order will be issued.



IT IS SO ORDERED.


 September 14, 2020                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge