PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICKI McKENNA, | ) | |
| | ) | CASE NO.  4:20CV0783 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ZO SKIN HEALTH, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 39] |

Pending is Defendant Triton Benefits & HR Solutions' ("Triton") Motion to Dismiss

Complaint (ECF No. 39) pursuant to Fed. R. Civ. P. 12(b)(6).  The Court has been advised,

having reviewed the record, the parties' briefs, and the applicable law.  For the reasons below,

the motion is granted.

## I.  Background

Plaintiff Vicki McKenna is sick with cancer.  In April 2018, after the termination of her

employment with Defendant PuraCap Pharmaceutical LLC ("PuraCap"), Plaintiff notified Triton,

the benefits plan administrator for PuraCap, that she wished to enroll in PuraCap's health plan

under Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") continuation

coverage, which would allow her to remain enrolled until November 1, 2019.  *See* Complaint

(ECF No. 1) at PageID #: 4, ¶ 15.  On August 15, 2019, Plaintiff started employment with

Defendant ZO Skin Health Inc. ("ZO Skin Health").  She resigned 15 days later.  *See* ECF No. 1

at PageID #: 4, ¶ 16.  On September 4, 2019, Plaintiff received notice from Defendant

Infinisource, Inc. dba Infinisource Benefit Services ("Infinisource") that she was eligible for

(4:20CV0783)

COBRA continuing coverage under ZO Skin Health's plan.  *See* ECF No. 1 at PageID #: 4, ¶ 17.

Relying on Infinisource's representations, on or about October 17, 2019, Plaintiff notified Triton

(the "Termination Notice") that she was terminating the continuing insurance coverage she was

receiving through PuraCap, effective as of August 31, 2019.  *See* ECF No. 1 at PageID #: 5, ¶¶

19, 21.  After receiving the Termination Notice, Triton cancelled the COBRA continuing

coverage as requested by Plaintiff.  *See* ECF No. 1 at PageID #: 6, ¶ 23.  Plaintiff later learned

that Infinisource misinformed her, and she was not eligible for continuing insurance coverage

under ZO Skin Health's plan.  *See* ECF No. 1 at PageID #: 6, ¶ 25.  On or about October 31,

2019, Plaintiff requested that Triton rescind the termination of her COBRA continuing coverage

through PuraCap's health plan.  Triton advised that Plaintiff could not rescind because the

Termination Notice had already been sent to the insurance provider under the PuraCap plan.  *See*

ECF No. 1 at PageID #: 6-7, ¶¶ 26-27.

In April 2020, Plaintiff filed a Complaint (ECF No. 1) against ZO Skin Health,

Infinisource, Triton, and PuraCap.  Plaintiff's purported claims arise from her voluntary

attempted termination ofHealth and Infinisource.  In Count Four, Plaintiff asserts a claim entitled

"COBRA Notice Violation" against Triton.  *See* ECF No. 1 at PageID #: 10.  Plaintiff seeks

statutory damages under 29 U.S.C. §§ 1161-1169 (listing COBRA continuation-coverage

amendments) for Triton's alleged violation.  *See* ECF No. 1 at PageID #: 12.  In Count Five,

Plaintiff alleges a claim against Triton for breach of fiduciary duty under the Employee

Retirement Income Security Act of 1974 ("ERISA").  *See* ECF No. 1 at PageID #: 11.  Plaintiff

seeks "an injunction, or other equitable decree, reinstating Plaintiff['s] coverage under the

[PuraCap] health plan for the months of September and October 2019."  *See* ECF No. 1 at

2

(4:20CV0783)

PageID #: 12.  The claims against all Defendants except Triton have been resolved.  *See* ECF Nos. 26 and 36.

Triton was duly served with summons and the Complaint (ECF No. 1) by certified mail, *see* ECF No. 9; but, had failed to plead or otherwise defend.  Therefore, on June 25, 2020, the Clerk entered the default of Triton pursuant to Fed. R. Civ. P. 55(a).  *See* ECF No. 21.  On July 31, 2020, the Court entered a Default Judgment as to the Issue of Liability Alone against Triton and set a default judgment hearing as to the amount of damages, attorney's fees, and costs.  *See* ECF No. 24.

Triton filed a Motion to Set Aside Default (ECF No. 30) seven business days after the Court entered the Default Judgment as to the Issue of Liability Alone.  Plaintiff opposed the motion.  *See* ECF No. 34.  On September 14, 2020, the Court vacated and set aside the default that had been entered against Triton.  *See* Memorandum of Opinion and Order (ECF No. 38).

## II.  Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  A pleading that offers "labels and

3

(4:20CV0783)

conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid

of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer

possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.  When a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line

between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).  The Court "need not accept as true a

legal conclusion couched as a factual allegation or an unwarranted factual inference."

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal

quotation marks omitted).

### III.  Analysis

**A.    Plaintiff did not suffer any damages as a result of any alleged unlawful conduct on the part of Triton.**

Plaintiff acknowledges that, despite her voluntary termination of the continuing coverage

with the PuraCap COBRA insurance provider, her insurance coverage was not actually

terminated due to a mistake; and that her insurance claims were paid through November 1, 2019

4

(4:20CV0783)

during the COBRA coverage period.[1]  *See* ECF No. 34 at PageID #: 135; Brief in Opposition

(ECF No. 42) at PageID #: 416.  The Complaint (ECF No. 1) does not allege any out-of-pocket

loss or contain an allegation that Plaintiff submitted any claims to the Puracap COBRA insurance

provider that were denied. Plaintiff argues that although her claims for September and October

2019 were paid, the Puracap COBRA insurance provider could potentially seek to recoup those

amounts sometime in the future because her premium was returned.  *See* ECF No. 34 at PageID

#: 135; ECF No. 42 at PageID #: 422.[2]  Furthermore, the docket does not reflect that the

insurance provider has sought to clawback from McKenna any payments made on claims

submitted on behalf of Plaintiff.

Plaintiff asserts that she suffered other damage beyond merely a loss of coverage.

McKenna alleges that she delayed treatment due to the uncertainty surrounding her insurance

coverage.  *See* ECF No. 1 at PageID #: 2, ¶ 3; ECF No. 42 at PageID #: 419-20 ("as a

consequence of the Defendants' conduct, she was uninsured for the months of September

through December, 2019, and that as a result, she forewent treatments and consultations for her

life-threatening cancer and was exposed to financial liability for medical care she did receive").

Plaintiff, however, did not become aware that she may not have continuing insurance coverage

---

[1]  Plaintiff alleges that a prescription claim was denied on or about October 28, 2019, *see* ECF No. 1 at PageID #: 5, ¶ 22, but that claim was made to the ZO Skin Health COBRA insurance provider, not the Puracap COBRA insurance provider.

[2]  But, Plaintiff did not deposit the check for the refund of the premium.  *See* ECF No. 39-1 at PageID #: 398.

(4:20CV0783)

until the expiration of the PuraCap COBRA coverage.[3]  Therefore, she could not have made any

decisions to forego or delay life-extending procedures until the PuraCap continuation coverage

under COBRA had ended.  Even if Plaintiff forewent treatments and consultations, she has not

alleged with any specificity how that delay worsened her condition.

      Contrary to the allegation in ¶ 23 of the Complaint (ECF No. 1),[4]  Plaintiff also claims

she was damaged because she did not receive notice of the termination of her Puracap COBRA

coverage.  *See* ECF No. 1 at PageID #: 10, ¶¶ 47, 49; ECF No. 42 at PageID #: 421.  Plaintiff

does not, however, describe those damages in either the Complaint (ECF No. 1) or the Brief in

Opposition (ECF No. 42), or explain how an alleged lack of notice caused damage considering

that McKenna herself voluntarily terminated the continuing insurance coverage.  Finally, Plaintiff

claims she is entitled to statutory damages because she did not receive a termination notice under

COBRA.  ECF No. 42 at PageID #: 415, 421.  COBRA does not, however, require that Triton

send a notice after Plaintiff voluntarily terminated her coverage.  Triton has a meritorious defense

to Counts Four and Five of the Complaint (ECF No. 1) that Plaintiff has suffered no damages.

      **B.**    **The issue of Triton's potential future liability is not ripe for adjudication.**

      Triton argues any claims which Plaintiff may have against it under COBRA or ERISA are

not yet ripe as it is uncertain and speculative whether the Puracap COBRA insurance provider

---

[3]  "The [PuraCap COBRA] coverage to which she was entitled was available to her for 18 months, or through approximately October, 2019."  ECF No. 1 at PageID #: 4, ¶ 15.  "On October 31, 2019, Michelle Hawkins informed Plaintiff that she never should have been offered COBRA benefits from ZO Skin Health in the first place."  ECF No. 1 at PageID #: 6, ¶ 25.

[4]  "Also on October 28, 2019, Plaintiff received an email from Carla Salguero of Defendant Triton confirming termination of Plaintiff's [PuraCap] COBRA benefits."

(4:20CV0783)

might deny insurance claims and seek reimbursement in the future.  ECF No. 39-1 at PageID #: 403-406.  The Court agrees.  "Ripeness is a justiciability doctrine designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.' " *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir.2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)).  As the Sixth Circuit has explained, "[t]he ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir.1985).

"Courts weigh three factors in evaluating a case's ripeness:  (1) 'the likelihood that the harm alleged by plaintiffs will ever come to pass;' (2) 'whether the factual record of this case is sufficiently developed to produce a fair and complete hearing as to the prospective claims;' and (3) 'the hardship that refusing to consider plaintiff's prospective claims would impose upon the parties.' " *Rose v. Volvo Const. Equip. N. America, Inc.*, 412 F. Supp.2d 740, 743 (N.D. Ohio 2005) (quoting *United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194-95 (6th Cir.1988)).  In undertaking a ripeness analysis, courts "pay particular attention to the likelihood that the harm alleged by plaintiffs will ever come to pass." *Cyclops*, 860 F.2d at 194.

Plaintiff's fear is that the insurance provider may seek repayment of all or some of the claims from September and October 2019 at some unknown date in the future.  McKenna does not allege that the insurance provider has informed her that she did not have coverage.  Plaintiff has also not alleged that the insurance provider has given any indication that it intends to seek repayment of these claims in the future, if at all.  Even assuming Plaintiff did not have continuing

7

(4:20CV0783)

coverage during the period at issue, it is far from clear whether the insurance provider will ever

seek repayment of any paid claims.  The Court will dismiss Counts Four and Five as it is not

desirable under all the circumstances to proceed at this time.  *Brown*, 763 F.2d at 801.

> **C.**     **Whether Counts Four and Five should be dismissed because Plaintiff has not alleged cognizable claims for relief under COBRA and ERISA.**

Plaintiff argues "[Triton] cannot say that her claims must be dismissed because it

erroneously failed to cancel her coverage, and at the same time assert that it owes no duties to a

beneficiary who has voluntarily discontinued coverage."  ECF No. 42 at PageID #: 415.  The

Court does not address whether Plaintiff has alleged cognizable claims for relief under COBRA

and ERISA because it concludes, for the reasons set forth above, that Plaintiff did not suffer any

damages as a result of any alleged unlawful conduct on the part of Triton, and the issue of

Triton's potential future liability is not ripe for adjudication.

## IV.

Accordingly, Triton's  Motion to Dismiss Complaint (ECF No. 39) is granted.


IT IS SO ORDERED.


  September 8, 2021        /s/ Benita Y. Pearson
Date                      Benita Y. Pearson
                          United States District Judge

8